**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PIC Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:24-cv-1444 |
| | ) | |
| v. | ) | |
| | ) | |
| The Entities and Individuals Identified in Annex A, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, PIC Corporation ("PIC" or "Plaintiff"), by and through its undersigned attorneys, for its Complaint against the Entities identified in Annex A (individually and collectively referred to as "Defendants"), herein allege:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114 and false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a) against Defendants for unlawful use of PIC's registered trade dress for an Insect Trap in conjunction with unauthorized sales of counterfeit products.

2.     Defendants are individuals and entities who trade on PIC's goodwill and sell and/or offer to sell counterfeit and unauthorized products through various "storefronts" via online retail websites.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction of PIC's federal claims pursuant to 28 U.S.C. § 1331 and 1338(a).

4.      Each Defendant runs a "storefront" accepting US Dollars through Alibaba, Ali Express, Amazon, DHgate, eBay, Fruugo, Shopify, Temu, Walmart, or Wish, website platforms through which each Defendant specifically targets residents in this judicial district by offering to sell and, upon information and belief, shipping infringing and/or counterfeit products to residents within the Northern District of Illinois, by using Plaintiff's registered trademark or colorable imitations thereof in its product listings. Thus each Defendant is committing, *inter alia*, trademark infringement in this district.

5.      Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events that give rise to the claim occur within this District, each Defendant has committed acts of infringement in and has significant contacts within this District, and each Defendant as delineated in Annex A is using, selling, or offering to sell the infringing and/or counterfeit goods in this District.  In addition, on information and belief, each of the Defendants is a foreign entity or individual and "a defendant not resident in the United States may be sued in any judicial district . . . ."  28 U.S.C. § 1391(c)(3).

## PARTIES

*PIC Corporation*

6.      PIC Corporation is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 1101-1107 West Elizabeth Avenue, Linden, New Jersey 07036.

7.      The Insect Trap that is the subject of this Complaint originally launched in 1995 and has since become a popular product sold across the United States.

8.      The Insect Trap products are distributed and sold to consumers throughout the United States, including in Illinois, through PIC's official website, https://www.pic-corp.com/

("PIC's Website"), as well as through online retailers such as Amazon, and other brick and mortar stores across the country.

9.     PIC has offered its Insect Trap product for sale since 1995.

10.     PIC owns the following trademark registration used in connection with its insect trap products which are the subject of this lawsuit (the "Insect Trap"), registered on the Principal Register (the "Insect Trap Trade Dress"):

| Trademark | Status | Class | Reg. No. | Reg. Date |
|---|---|---|---|---|
|  | Registered | 21 | 4387612 | 8/20/2013 |

Attached hereto as Exhibit 1 is a true and correct copy of the Certificate of Registration for the Insect Trap Trade Dress.

11.     The Insect Trap Trade Dress has been and continues to be used exclusively by PIC.

12.     The registration for the Insect Trap Trade Dress is valid, subsisting, and in full force and effect.

13.     The registration for the Insect Trap Trade Dress constitutes *prima facie* evidence of its validity and of PIC's exclusive right to use the Insect Trap Trade Dress pursuant to 15 U.S.C. § 1057(b).

14.     The popularity of the Insect Trap product has led to the product receiving an abundance of positive reviews.

15.     In view of PIC's efforts and the response of the marketplace to the Insect Trap products, the Insect Trap Trade Dress has become known throughout the United States, uniquely signifying to consumers that the products come from PIC.

16.     Because the Insect Trap products have become popular and the Insect Trap Trade Dress is recognized by consumers, the Insect Trap product has been subject to widespread counterfeiting. PIC's investigation has revealed many online marketplace listings on platforms such as AliExpress, Amazon eBay, and Alibaba, including listings posted by Defendants, which offer for sale and, on information and belief, sell counterfeit insect trap goods to consumers in Illinois and offer to ship those products to Illinois.

*The Defendants*

17.     On information and belief, Defendants are individuals and business entities who conduct business in the United States, including within Illinois, through their operation of interactive, online marketplaces and/or websites which offer for sale counterfeit Insect Traps in advertising and selling counterfeit products.

18.     On information and belief, based on similarities in the characteristics of some of the websites and counterfeit merchandise offered for sale, some of the Defendants are related or work together as part of a single enterprise to willfully make, distribute, offer for sale, and sell counterfeit products using the Insect Trap Trade Dress.

19.     At present, many of the Defendants can only be identified through their storefronts and other limited publicly available information.  PIC will voluntarily amend its Complaint if Defendants provide additional credible information regarding their identities.

4

## **DEFENDANTS' UNLAWFUL CONDUCT**

20. Defendants intentionally deceive and mislead consumers by creating storefronts that appear as if they are authorized online retailers who offer bona fide Insect Trap goods. These websites commonly use PIC's Insect Trap Trade Dress without PIC's permission. The sites also include payment options via: (1) credit cards, such as Visa®, MasterCard®, Discover®, American Express®; (2) the platform's online payment service; or (3) through other means denominated in U.S. currency, such as Apple Pay®. The content of these sites is designed to make it difficult for consumers to detect that the site does not belong to an authorized retailer or that the products being sold are counterfeit products.

21. The storefronts created by the Defendants also sell counterfeit Insect Traps by using the Insect Trap Trade Dress or colorable imitations thereof within the imagery of the Defendants' product listings, confusing consumers into believing the counterfeit goods are somehow affiliated, sponsored, or approved by the Plaintiff when in fact no such relationship exists.

22. Defendants, like many counterfeiters, operate under many different names on a variety of different websites and sales platforms to overwhelm the marketplace with a multitude of counterfeit products in order to evade detection by trademark owners. Upon information and belief, some of the Defendants operate under more than one alias so as to avoid identification. These sites conceal the actual persons and entities responsible for the websites and listings in favor of fictitious ones.

23. Additionally, counterfeiters like Defendants commonly disable their marketplace storefronts and attempt to disappear as soon as they learn that they have been sued. They typically re-emerge under new online marketplace accounts with new fictitious names after a short period of time. Additionally, these actors often utilize multiple Paypal® accounts, credit card accounts,

5

and payment gateways so that even if detection requires them to close down one account, there are others set up to take its place.

24.     Counterfeiters located abroad frequently maintain off-shore and foreign bank accounts.  If detected, these counterfeiters quickly move funds from their accounts denominated in U.S. currency, such as PayPal® accounts, to off-shore bank accounts outside the jurisdiction of this Court.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING**
**15 U.S.C. § 1114**

25.     PIC repeats and incorporates by reference the allegations contained in Paragraphs 1 through 24.

26.     Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

27.     Upon information and belief, Defendants as identified in Annex A have sold and/or offered to sell goods using a reproduction, counterfeit, copy, or colorable imitation of the Insect Trap Trade Dress in connection with the sale, offering for sale, distribution, or advertising of goods. Such use is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32 of the Lanham Act.  PIC has not authorized these activities.

28.     Defendants' acts of infringement and counterfeiting in violation of Section 32 of the Lanham Act are intentional, malicious, fraudulent, willful, and deliberate.

29.     Defendants have knowingly and willfully intended to trade on the recognition of, and have willfully intended to harm the reputation of the registered PIC Insect Trap Trade Dress.

30.     Defendants' acts of infringement in violation of Section 32 of the Lanham Act have inflicted and, if not enjoined, will continue to inflict irreparable harm on PIC.  Thus, PIC has no adequate remedy at law.

31.     Pursuant to 15 U.S.C. § 1117, PIC is entitled to recover damages in an amount to be determined at trial, including Defendants' profits, PIC's losses due to the Defendants' conduct, and costs of the action.  Furthermore, the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling PIC to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II
## FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

32.     PIC repeats and incorporates by reference the allegations contained in Paragraphs 1 through 31 as if set forth fully herein.

33.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . .  or any false designation of origin . . . which is likely to cause confusion or to cause mistake, or to deceive as to affiliation . . . or as to origin, sponsorship, or approval of goods [or] services . . . shall be liable in a civil action."

34.     Defendants' use of the PIC Trade Dress in order to promote, market, offer for sale, and sell the counterfeit Insect Traps has created and is creating a likelihood of confusion, mistake, and deception as to affiliation, connection, or association with PIC or the origin, sponsorship, or

7

approval of Defendants' counterfeit Insect Traps. By selling counterfeit Insect Traps embodying PIC's Insect Trap Trade Dress, Defendants create a false designation of origin.

35.     Defendants' actions demonstrate a malicious, intentional, willful, and bad faith intent to trade on PIC's goodwill and to cause confusion, deception, and mistake by offering counterfeit products embodying the Insect Trap Trade Dress and by intentionally portraying a non-existent affiliation or relationship between PIC and Defendants' goods, businesses, and websites, thereby causing significant and irreparable injury to PIC.

36.     Defendants have willfully intended to trade on the recognition of and have willfully intended to harm the reputation of PIC and the Insect Trap Trade Dress.

37.     Defendants' aforementioned acts constitute false designation of origin, trademark infringement, and unfair competition in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

38.     Defendants' actions have caused and are likely to cause substantial injury to the public and to PIC, its business, goodwill, and reputation.

39.     PIC is entitled to injunctive relief, and to recover Defendants' profits associated with the infringement and PIC's costs and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

## PRAYER FOR RELIEF

WHEREFORE, PIC prays for judgment as follows:

1.     That Defendants, and each of them, and their respective agents, employees, servants, affiliates, and all persons acting for, with, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

8

a.      using the Insect Trap Trade Dress or any variant, reproduction, copy, or colorable imitation thereof as a trademark, corporate identity, or indicia of origin on Defendants' products or in connection with the marketing, advertisement, distribution, sale, or offering for sale of Defendants' products, unless such products are genuine products made by PIC or with PIC's authorization;

b.      engaging in any conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to source, or confusion as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' business, services, website or other activities with PIC or the Insect Trap Trade Dress;

c.      passing off or inducing or causing others to pass off any product embodying the registered the Insect Trap Trade Dress unless such product is a genuine PIC Insect Trap sold with the authorization of PIC;

d.      selling, disposing, destroying, transferring, or otherwise distributing any counterfeit or infringing products in inventory or otherwise currently possessed or under the control of Defendants or any of Defendants' agents, whether to customers or to any third party.

2.      That, upon PIC's request, all in privity with Defendants and with notice of the injunction, including but not limited to any online marketplace platforms, such as Alibaba, Ali Express, Amazon, DHgate, eBay, Fruugo, Shopify, Temu, Walmart, or Wish and financial services providers, including but not limited to credit card providers, banks, merchant account providers, and third party payment processors shall:

a.  cease providing services used by Defendants, currently or in the future, to sell or offer for sale goods embodying the Insect Trap Trade Dress or colorable imitations thereof;

b.  cease displaying any advertisements in any form, connected or associated with Defendants in connection with the sale of counterfeit or infringing goods embodying the Insect Trap Trade Dress or colorable imitations thereof; and

c.  disable all links to the marketplace accounts identified on Annex A from displaying in search results, including from any search index.

3.  That Defendants, and each of them, account to PIC for their profits and any damages sustained by PIC arising from their acts of counterfeiting and infringement;

4.  An award to PIC for Defendants' profits, PIC's damages, and costs of this action pursuant to 15 U.S.C. § 1117;

6.  That PIC be awarded reasonable attorneys' fees under 15 U.S.C. § 1117;

7.  That PIC be awarded enhanced damages under 15 U.S.C. § 1117;

8.  In the alternative, that PIC be awarded statutory damages under 15 U.S.C. § 1117(c)(2).

9.  That Defendants disgorge any profits earned by their tortious activities;

10. That PIC be awarded punitive damages;

11. That PIC be awarded pre-judgment interest as allowed by law;

12. That PIC be awarded the costs of this action;

13. That PIC be awarded its reasonable attorneys' fees incurred in connection with this action; and

14.     That PIC be awarded such further legal and equitable relief as the Court deems proper.

Dated this 21st day of February, 2024

                                    Respectfully submitted,

                                    PIC Corporation

                                    /s/*Kelley S. Gordon*
                                    Marshall, Gerstein & Borun LLP
                                    Benjamin T. Horton
                                    Gregory J. Chinlund
                                    Kelley S. Gordon
                                    Michelle Bolos
                                    John J. Lucas
                                    Valérie R. Cambronne
                                    Krista M. Solano
                                    233 South Wacker Drive
                                    6300 Willis Tower
                                    Chicago, Illinois 60606-6357
                                    Telephone: (312) 474-6300
                                    Fax: (312) 474-7044
                                    bhorton@marshallip.com
                                    gchinlund@marshallip.com
                                    kgordon@marshallip.com
                                    mbolos@marshallip.com
                                    jlucas@marshallip.com
                                    vcambronne@marshallip.com
                                    ksolano@marshallip.com